Oldham, J. It is assigned for error in this case that the Circuit Court improperly refused a continuance upon the affidavit filed for that purpose. The Rev. Stat. ch. 116, sec. 86, prescribes the requisites of an affidavit for the continuance of a cause — that a material witness, naming him, is absent, what is expected to be proven by him, what exertions have been made to procure his attendance, that the same facts cannot be established by any other witness, that there is reason to believe that his attendance can be procured by the next term of the court, or that his testimony can be procured by that time, and that the application is not made for delay but drat justice may be done. With-' out stating any other objection to the affidavit in the present case,' instead of stating that the “application is not made for delay, butr that justice may be done,” it sets forth “that this application is not made for delay but that the law may be administered.” Although courts regard the administration of the law, as the performance of justice, they are not always regarded as equivalent expressions by suitors. Parties may sometimes conclude that the law is on one side and justice on the other. We see no hardship in observing the language of the Statute. Once allow a departure from it, and what may be regarded as equivalent expressions to be adopted, and it will become difficult for the courts to determine what is, and what is not, a compliance with the Statute. The granting and refusing continuances, is within the sound legal' discretion of the court, to whom the application may be made, and we see no such abuse of that discretion in the present case, as will ■ authorize this court to disturb the judgment of the Circuit Court. Judgment affirmed.